UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

**GLENN BURTON, JR.,**
    Plaintiff,

v.                        Case No. 07-cv-0303

**AMERICAN CYANAMID, et al.,**
    Defendants;

**RAVON OWENS,**
    Plaintiff,

v.                        Case No. 07-cv-0441

**AMERICAN CYANAMID, et al.,**
    Defendants;

**ERNEST GIBSON,**
    Plaintiff,

v.                        Case No. 07-cv-0864

**AMERICAN CYANAMID, et al.,**
    Defendants;

**BRIONN STOKES,**
    Plaintiff,

v.                        Case No. 07-cv-0865

**AMERICAN CYANAMID, et al.,**
    Defendants;

**CESAR SIFUENTES,**
    Plaintiff,

v.                        Case No. 10-cv-0075

**AMERICAN CYANAMID, et al.,**
    Defendants;

**MANIYA ALLEN, et al.,**

Plaintiffs,

v.                                                              Case No. 11-cv-0055

**AMERICAN CYANAMID, et al.,**
                    Defendants;

**DEZIREE VALOE, et al.,**
                    Plaintiffs,

v.                                                              Case No. 11-cv-0425

**AMERICAN CYANAMID, et al.,**
                    Defendants;

**DIJONAE TRAMMELL, et al.,**
                    Plaintiffs,

v.                                                              Case No. 14-cv-1423

**AMERICAN CYANAMID, et al.,**
                    Defendants.
_____

## DECISION AND ORDER

Plaintiffs in the above-captioned cases allegedly consumed lead-based paint as children. They now bring negligence and failure to warn claims against defendants, companies which allegedly manufactured, sold, or marketed lead-based paint in Wisconsin. All cases are pending before me except *Gibson v. American Cyanamid Co.*, No. 07-cv-0864, which is before Judge Randa. Defendants moved to dismiss for lack of personal jurisdiction, and plaintiffs now ask me to consolidate the cases solely for the purpose of deciding these motions.

Under Fed. R. Civ. P. 42(a), I may consolidate actions which have a common question of law or fact, and I may issue orders to avoid unnecessary cost or delay.

Consolidation "is a matter committed to the sound discretion of the trial judge." *Canedy v. Boardman*, 16 F.3d 183, 185 (7th Cir. 1994). I agree with plaintiffs that consolidation is appropriate. The pending cases involve a common question of law, whether this court has personal jurisdiction over defendants. The legal issue raised in defendants' motions is identical. Consolidation will also avoid inconsistent results and promote judicial economy, *see* 8 James Wm. Moore, *Moore's Federal Practice* § 42.10(4)(a) (3d ed. 2008) (conserving resources and avoiding inconsistent results weigh in favor of consolidation). Finally, consolidation will avoid unnecessary delay.[1] Thus, I will consolidate the actions for purposes of resolution of the pending personal jurisdiction motions. The *Gibson* case will remain before Judge Randa for all other purposes.

**THEREFORE, IT IS ORDERED** that plaintiffs' motions to consolidate for purposes of the personal jurisdiction motions (No. 11-cv-055, ECF No. 118; No. 07-cv-0303, ECF No. 285; No. 07-cv-0441, ECF No. 250; 07-cv-0864, ECF No. 244; No. 07-cv-0865, ECF No. 226; No. 10-cv-075, ECF No. 153; No. 11-cv-0425, ECF No. 79; No. 14-cv-1423, ECF No. 36) are **GRANTED**. The above-captioned cases are consolidated for the limited purpose of resolving the pending motions to dismiss for lack of personal jurisdiction.

Dated at Milwaukee, Wisconsin this 15th day of July, 2015.

                                                 s/ Lynn Adelman
                                                 _____
                                                 LYNN ADELMAN
                                                 District Judge

---

[1] We have already seen how unnecessary delay can occur. In 2010, Judge Randa, granted defendant's motion for summary judgment in *Gibson*. This resulted in a long stay of all the other cases while *Gibson* was successfully appealed.