UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

| | |
|---|---|
| GLENN BURTON, JR., Plaintiff, | |
| v. | Case No. 07-cv-0303 |
| AMERICAN CYANAMID, et al., Defendants; | |
| RAVON OWENS, Plaintiff, | |
| v. | Case No. 07-cv-0441 |
| AMERICAN CYANAMID, et al., Defendants; | |
| ERNEST GIBSON, Plaintiff, | |
| v. | Case No. 07-cv-0864 |
| AMERICAN CYANAMID, et al., Defendants; | |
| BRIONN STOKES, Plaintiff, | |
| v. | Case No. 07-cv-0865 |
| AMERICAN CYANAMID, et al., Defendants; | |
| CESAR SIFUENTES, Plaintiff, | |
| v. | Case No. 10-cv-0075 |
| AMERICAN CYANAMID, et al., Defendants; | |

**MANIYA ALLEN, et al.,**
    Plaintiffs,

v.                       Case No. 11-cv-0055

**AMERICAN CYANAMID, et al.,**
    Defendants;

**DEZIREE VALOE, et al.,**
    Plaintiffs,

v.                       Case No. 11-cv-0425

**AMERICAN CYANAMID, et al.,**
    Defendants;

**DIJONAE TRAMMELL, et al.,**
    Plaintiffs,

v.                       Case No. 14-cv-1423

**AMERICAN CYANAMID, et al.,**
    Defendants.

_____

## DECISION AND ORDER

  Plaintiffs in these cases allegedly consumed lead-based paint as children. They now bring negligence and failure-to-warn claims against defendants, companies which manufactured, sold, or marketed lead-based paint in Wisconsin. In 2014, plaintiffs settled with one defendant, NL Industries, Inc., utilizing a settlement and liability release mechanism available in Wisconsin called a *Pierringer*[1] settlement. The terms of that settlement agreement were confidential. However, defendants now seek the NL Industries settlement agreement and liability releases through discovery, and plaintiffs have filed a motion for a protective order forbidding inquiry into the terms of the agreement. Plaintiffs have also filed a corresponding motion to consolidate these cases

---

[1] *See Pierringer v. Hoger*, 21 Wis. 2d 182 (1963).

2

for the limited purpose of deciding their motion for a protective order, and defendants have requested leave to file a sur-reply. I address these motions now.

## I. Motion to Consolidate

Plaintiffs' motion for a protective order has been filed in all of the above-captioned cases. All of the cases are pending before me except *Gibson v. American Cyanamid Co.*, No. 07-cv-0864, which is before Judge Randa. I have discretion to consolidate actions when common questions of law or fact exist, and I may issue orders to avoid unnecessary cost or delay. Fed. R. Civ. P. 42(a); *Canedy v. Boardman*, 16 F.3d 183, 185 (7th Cir. 1994). I believe that consolidation for the limited purpose of deciding plaintiffs' motion for a protective order is appropriate. The legal issue raised in plaintiffs' motion is identical, and consolidation will therefore avoid inconsistent results and promote judicial economy. *See* 8 James Wm. Moore, *Moore's Federal Practice* § 42.10(4)(a) (3d ed. 2008) (conserving resources and avoiding inconsistent results weigh in favor of consolidation). Thus, I will consolidate the actions for purpose of resolving plaintiffs' motion for a protective order. The *Gibson* case will remain before Judge Randa for all other purposes.[2]

## II. Motion for Leave to File a Sur-Reply

Defendants have requested leave to file a sur-reply regarding the motion for a protective order, arguing that plaintiffs' reply brief raised a new argument. Whether or not to grant leave to file a sur-reply is in my discretion. *See Schmidt v. Eagle Waste & Recycling, Inc.*, 599 F.3d 626, 631 n.2 (7th Cir. 2010). Because I prefer to give parties a

---

[2] In May, plaintiffs also filed a motion to partially consolidate the above-captioned cases for pre-trial purposes. That motion is not yet fully briefed, and my decision today does not in any way decide or indicate my opinion on the merits of that motion.

3

full opportunity to be heard and to decide motions based on as much information as possible, I will grant defendants' request.

## III. Motion for Protective Order

Parties are entitled to "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). To determine whether plaintiffs' settlement agreements and releases with NL Industries are relevant, I must look to Wisconsin substantive law.

Under Wisconsin law, the general rule in cases involving multiple tortfeasors is that when a plaintiff settles with one joint tortfeasor and releases that settling tortfeasor from liability, he also releases claims against all other joint tortfeasors for the same incident unless the settlement agreement contains language expressly reserving his claims against non-settling tortfeasors. *Brown v. Hammermill Paper Co.*, 88 Wis. 2d 224, 233–35 (1979). A *Pierringer* release is one way of achieving this. "[A] *Pierringer* release operates to impute to the plaintiff whatever liability in contribution or indemnity the settling joint tortfeasor may have to the nonsettling joint tortfeasor and to bar subsequent contribution or indemnity actions the nonsettling joint tortfeasor might assert against the settling joint tortfeasor." *Imark Indus., Inc. v. Arthur Young & Co.*, 148 Wis. 2d 605, 621–22 (1989). In doing so, it satisfies the settling joint tortfeasor's portion of liability while reserving the balance of plaintiff's cause of action against non-settling tortfeasors. *Id.* at 621. In order to be a valid *Pierringer* release, the settlement agreement must state that plaintiffs (1) completely release the settling defendant, (2) expressly reserve their claims against non-settling defendants, and (3) indemnify the settling defendant against claims for contribution and indemnification. *Bloyer v. KTM N.*

4

*Am.*, No. 13-cv-828-wmc, 2015 WL 364737, at *1 (W.D. Wis. Jan. 27, 2015); *Tudjan ex rel. Tudjan v. Wis. Dep't of Health & Family Servs.*, No. 05-CV-970, 2008 WL 3905677, at *2 (E.D. Wis. Aug. 19, 2008).

Here, defendants argue that the specific terms of the *Pierringer* release may be relevant to several of their affirmative defenses if plaintiffs did not properly word the settlement agreements to comply with *Pierringer*. First, they argue that if the agreement does not contain an express reservation of claims against non-settling defendants, plaintiffs have released their claims against the non-settling defendants, which is highly relevant to their asserted affirmative defense that plaintiff has waived claims via settlement, release, or compromise. *See, e.g.*, *Allen v. Am. Cyanamid Co.*, No. 11-cv-0055, Def. E.I. Du Pont's Answer at 37 (ECF No. 162). Next, they argue that they need to know whether plaintiffs properly worded the *Pierringer* releases to determine whether, at trial, the non-settling defendants' liability will be reduced by the percentage of wrongdoing the jury apportions to NL Industries, which is relevant to their asserted affirmative defense of comparative negligence. *Id.* Thus, if the *Pierringer* releases were not properly worded, they are relevant to a defense and discoverable under Rule 26.

The fact that plaintiffs and NL Industries agreed to keep the terms of the releases confidential does not shield them from discovery. *Gotham Holdings, LP v. Health Grades, Inc.*, 580 F.3d 664, 665 (7th Cir. 2009); *see also Thermal Design, Inc. v. Guardian Bldg. Prods., Inc.*, 270 F.R.D. 437 (E.D. Wis. 2010) (concluding that confidential settlement agreement was discoverable because it likely contained relevant information). "No one can 'agree' with someone else that a stranger's resort to discovery under the Federal Rules of Civil Procedure will be cut off." *Gotham Holdings*,

5

580 F.3d at 665. Further, plaintiffs' argument that settlement agreements are not admissible under the Federal Rules of Evidence is unpersuasive because the Federal Rules of Evidence govern admissibility and not discoverability, and a document need not be admissible to be discoverable. *See Thermal Design*, 270 F.R.D. at 438–39; *In re Subpoena Issued to Commodity Futures Trading Comm'n*, 370 F. Supp. 2d 201, 211 (D.D.C. 2005).

Plaintiffs provide affidavits from attorneys for both sides of the settlement agreement which aver that the settlement agreement complies with *Pierringer* and properly preserves plaintiffs' claims against non-settling defendants. However, under Wisconsin law, when the effect of a release becomes an issue, courts must examine the actual language of the release to determine its scope and effect. *Brown*, 88 Wis. 2d at 233–34; *see also Brandner by Brandner v. Allstate Ins. Co.*, 181 Wis. 2d 1058, 1076 (1994) (examining "the wording of the documents themselves" to determine that although titled a *Loy*-type release, document actually functioned as a *Pierringer*-type release for some defendants).

In situations such as this, where the settlement agreement has been designated confidential, Wisconsin courts first examine the document *in camera* to determine whether the agreement unambiguously functions as a *Pierringer* release. *See Estate of Hegarty ex rel. Hegarty v. Beauchaine*, 297 Wis. 2d 70 (Ct. App. 2006); *Bloyer*, 2015 WL 364737, at *1. Only where the language of the release is ambiguous or unclear as to its scope do courts then require disclosure to the requesting party. *See Hegarty*, 297 Wis. 2d 70, 140–41 (Ct. App. 2006) (only ordering disclosure of settlement agreement because the release language was unclear); *Bloyer*, 2015 WL 364737, at *1 (not

6

requiring disclosure because the court concluded after *in camera* review that the agreement unambiguously met the requirements of a *Pierringer* release). This is the approach I will take. I will order plaintiffs to produce the settlement agreements and releases for *in camera* review.[3] If the language indicates that the releases are, in fact, proper *Pierringer* releases, I will inform the parties, and defendants will not be entitled to them as I will have determined that they are not relevant to any potential defenses. If the language is unclear or does not comply with *Pierringer*, I will inform the parties and require plaintiffs to produce the agreements to defendants because improperly-worded releases will be relevant.

When plaintiffs submit the agreements for *in camera* review, they may redact the settlement amount. This information is in no way relevant to whether plaintiffs properly reserved their claims against non-settling defendants. Further, it is in no way relevant to defendants' comparative negligence defense. If the release functions as a true *Pierringer* release, the jury will be asked to apportion to NL Industries, along with all other defendants, its percentage of responsibility for the harm caused, and non-settling defendants will only be responsible for their assigned percentage of the damages. The jury does not need to know the settlement amount in order to apportion responsibility, and the court does not need to know the settlement amount in order to calculate non-

---

[3] Plaintiffs should electronically file the agreements as well as provide courtesy copies to my chambers. Documents can be electronically filed for *in camera* review by using the "sealed and viewable only by the judge" restriction on ECF. For information on how to use this restriction, see the Eastern District's instructions on filing restricted and sealed documents, http://www.wied.uscourts.gov/e-filing-restricted-and-sealed-documents, and Electronic Case Filing Policies and Procedures Manual, http://www.wied.uscourts.gov/e-filing/ecf-policies-and-procedures#Privacy. Because I am ordering plaintiffs to file the documents *in camera*, they do not need to file an accompanying motion to seal.

7

settling defendants' portion of damages after trial. *Olson v. Darlington Mut. Ins. Co.*, 296 Wis. 2d 716, 726 (Ct. App. 2006).

**THEREFORE, IT IS ORDERED** that plaintiffs' motions to partially consolidate (No. 07-cv-0303, ECF No. 331; No. 07-cv-0441, ECF No. 295; No. 07-cv-0864, ECF No. 289; No. 07-cv-0865, ECF No. 270; No. 10-cv-0075, ECF No. 196; No. 11-cv-0055, ECF No. 169; No. 11-cv-0425, ECF No. 121; No. 14-cv-1423, ECF No. 83) are **GRANTED**. The above-captioned cases are consolidated for the limited purpose of resolving the pending motion for a protective order.

**IT IS FURTHER ORDERED** that plaintiffs' motions for a protective order (No. 07-cv-0303, ECF No. 332; No. 07-cv-0441, ECF No. 296; No. 07-cv-0864, ECF No. 290; No. 07-cv-0865, ECF No. 271; No. 10-cv-0075, ECF No. 197; No. 11-cv-0055, ECF No. 170; No. 11-cv-0425, ECF No. 122; No. 14-cv-1423, ECF No. 84) are **GRANTED in part** and **DENIED in part**. Plaintiffs shall produce copies of the settlement agreements and releases for *in camera* review within **14 days** of this order. Plaintiffs may redact the settlement amount from the copies produced for review.

**IT IS FURTHER ORDERED** that defendants' motions for leave to file a sur-reply (No. 07-cv-0303, ECF No. 342; No. 07-cv-0441, ECF No. 305; No. 07-cv-0864, ECF No. 300; No. 07-cv-0865, ECF No. 280; No. 10-cv-0075, ECF No. 207; No. 11-cv-0055, ECF No. 180; No. 11-cv-0425, ECF No. 132; No. 14-cv-1423, ECF No. 94) are **GRANTED**. The Clerk of Court shall file defendants' proposed sur-reply in each of the above-captioned cases.

Dated at Milwaukee, Wisconsin, this 5th day of July, 2016.

        s/ Lynn Adelman
        _____
        LYNN ADELMAN
        District Judge

9

Case 2:07-cv-00441-LA   Filed 07/05/16   Page 9 of 9   Document 327