## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| GLENN BURTON, JR., <br>     Plaintiff, <br>     vs. <br> AMERICAN CYANAMID CO., et al. <br>     Defendants; | Case No. 07-C-0303 |
| RAVON OWENS <br>     Plaintiff, <br>     vs. <br> AMERICAN CYANAMID CO., et al. <br>     Defendants; | Case No. 07-C-0441 |
| CESAR SIFUENTES, <br>     Plaintiff, <br>     vs. <br> AMERICAN CYANAMID CO., et al. <br>     Defendants. | Case No. 10-C-0075 |

**DEFENDANT E. I. DUPONT DE NEMOURS COMPANY'S CIVIL L.R. 7(H) EXPEDITED NON-DISPOSITIVE MOTION TO EXCLUDE UNTIMELY EXPERT OPINIONS OF DR. JOSEPH SWIDER**

Pursuant to Federal Rules of Civil Procedure 26(a)(2)(D)(ii) and 37(c), E. I. du Pont de Nemours and Company ("DuPont") moves to exclude new expert opinions of Dr. Joseph Swider, which Plaintiffs submitted months after the deadline for expert disclosures and the close of discovery. Plaintiffs offer no justification for this delay which results in unfair prejudice to DuPont.

Under the operative scheduling order, initial expert disclosures and reports were due on March 20, 2017, and rebuttal expert disclosures and reports were due on April 19, 2017. (*See, e.g.,* Burton Dkt. No. 506). Accordingly, on March 20, 2017, expert reports for both Dr. Christopher Palenik ("Dr. Palenik") and Dr. Douglas Lamb ("Dr. Lamb") were submitted. These reports included Dr. Palenik's Energy Dispersive X-Ray Spectroscopy ("EDS") analysis and Dr. Lamb's use of this analysis in formulating his opinions supporting DuPont's motion for summary judgment. (*See, e.g.,* Burton Dkt. No. 615-F, Owens Dkt. No. 556-F, Sifuentes Dkt. No. 502-F; Burton Dkt No. 568-1,2,3). Dr. Swider did not submit a rebuttal report on April 19, 2017. In fact, at his deposition on June 13, 2017, Dr. Swider acknowledged that he had briefly reviewed Dr. Palenik's work. (Ray Decl., Ex. 1 at 135:24-136:1). He was specifically asked if he had formed any opinions about the accuracy of Dr. Palenik's work.

> 20 Q: So at this point as you sit here today, you haven't
> 21 formed an opinion as to whether there were any errors
> 22 in Dr. Palenik's report?
> 23 A: I haven't looked at it. No, I don't.

(*Id.* at 139:15-23). Plaintiffs also could have timely filed a *Daubert* motion regarding Dr. Palenik's methodology and failed to do so.

However, in further support of their motion to exclude the opinions and testimony of Dr. Lamb, Plaintiffs submit a declaration from Dr. Swider. (Burton Dkt. No. 808; Owens Dkt. No. 744; Sifuentes Dkt. No. 677). More than six months after the deadline and without any

1

justification for the delay, Dr. Swider now offers opinions criticizing Dr. Palenik's EDS analysis. (*See id.*) Dr. Swider had ample opportunity to offer timely rebuttal opinions before now but failed to do so.

**ARGUMENT**

Evidence intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C) is due within 30 days after the other party's disclosure. Fed. R. Civ. P. 26(a)(2)(D)(ii). "If a party fails to provide [this] information…as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "The sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless." *Finwall v. City of Chicago*, 239 F.R.D. 494, 498 (N.D. Ill. 2006)(citing *Keach v. U.S. Trust Co.*, 419 F.3d 626, 639 (7th Cir. 2005)).[1]

Here, Plaintiffs' untimely rebuttal opinions are neither justified nor harmless. The record establishes that the information that Dr. Swider now criticizes was available to him prior to the court ordered discovery deadlines. Under such circumstances, "the violation of Rule 26 is clearly established" and a "district court act[s] well within its discretion" in excluding such evidence. *Salgado by Salgado v. General Motors Corp.*, 150 F.3d 735, 739, 742 (7th Cir. 1998).[2] Moreover, "[l]ate disclosure is not harmless within the meaning of Rule 37 simply because there is time to reopen discovery." *Finwall*, 239 F.R.D. at 501; *see also Aon Risk Services, Inc. of*

---

[1] Similarly, "[t]he 'sham affidavit' rule prohibits litigants from creating sham issues of fact with affidavits that contradict their prior testimony." *Modern Fence, Inc. v. Qualipac Home Imp. Corp.*, 726 F. Supp. 2d 975, 983 (E.D. Wis. 2010)(citing *Janky v. Lake County Convention and Visitors Bureau*, 576 F.3d 356, 362 (7th Cir. 2009). Otherwise, the very purpose of summary judgment would be undermined. *See id.*
[2] Although ultimately "the client is affected by the delicts of counsel [, that] is not justification for excusing counsel's conduct or for mitigating the operation of the rule." *Salgado*, 150 F.3d at 743.

2

*Illinois v. Shetzer*, No. 01-7813, 2002 WL 1989466, at *6 (N.D. Ill. Aug. 27, 2002)(rejecting argument that late disclosure was harmless because there was time to conduct deposition before trial). "It is not the right of a party who chooses not to comply with…deadlines to be able to restructure them at will." *Finwall*, 239 F.R.D. at 501.

DuPont has been unfairly prejudiced by Plaintiffs' untimely submission. DuPont was "entitled to assume that [the expert] reports were complete. [DuPont is] now unfairly prejudiced by the [Plaintiffs'] reliance on new and untimely expert opinions …." *Baker v. Indian Prairie Community Unit, School Dist. 204*, No. 96C3927, 1999 WL 988799, at *3 (N.D. Ill. Oct. 27, 1999). This Court should not permit Plaintiffs "to ambush [DuPont] with new expert opinions after the expert opinion disclosure deadline and after [DuPont] filed for summary judgment." *See id.* The deadline to submit expert rebuttal reports was April 19, 2017, over six months ago. Plaintiffs waited until after the close of discovery to offer new expert opinions, and do not offer any justification for their delay. *See Ruddell v. Marathon Petroleum Company LP*, No. 3:15-CV-1253, 2017 WL 1479324, at *2-3 (S.D. Ill. Apr. 25, 2017)(excluding rebuttal report submitted after close of discovery with no justification for delay). Introduction of new opinions at this juncture leaves DuPont without an opportunity to depose Dr. Swider regarding these new opinions and also deprives DuPont of the opportunity to file a *Daubert* motion related to these opinions, as that deadline has passed.

In sum, because Dr. Swider's declaration constitutes an untimely expert rebuttal report with no justification for its delay, it would be unfairly prejudicial to DuPont and should be excluded. At a minimum, DuPont should at least be afforded the opportunity to depose Dr. Swider regarding his new opinions, submit a sur-reply, and if appropriate, submit a *Daubert* motion.

3

Dated this 15th day of November, 2017        Respectfully submitted,

/s/ Jontille D. Ray
Steven R. Williams, Esq.
Joy C. Fuhr, Esq.
Christian E. Henneke, Esq.
Jontille D. Ray, Esq.
McGuireWoods LLP
Gateway Plaza
800 East Canal Street
Richmond, VA 23219-3916
(804) 775-1000 (phone)
(804) 775-1061 (fax)
srwilliams@mcguirewoods.com
jfuhr@mcguirewoods.com
chenneke@mcguirewoods.com
jray@mcguirewoods.com

Paul E. Benson, Esq. (1001457)
Aaron H. Kastens, Esq. (1045209)
Michael Best & Friedrich LLP
100 East Wisconsin Avenue #3300
Milwaukee, WI 53202-4108
(414) 271-6560 (phone)
(414) 277-0656 (fax)
pebenson@michaelbest.com
ahkastens@michaelbest.com
***Attorneys for Defendant E. I. du Pont de Nemours and Company***

4